**FILED**
**October 18, 2022**
EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

# STATE OF WEST VIRGINIA

# SUPREME COURT OF APPEALS

**LEONARD SMITH,**
**Claimant Below, Petitioner**

**vs.)    No. 21-0474** (BOR Appeal No. 2056010)
                              (Claim No. 2018026502)

**BROOKS RUN SOUTH MINING, LLC,**
**Employer Below, Respondent**

## MEMORANDUM DECISION

Petitioner Leonard Smith, by Counsel Gregory S. Prudich, appeals the decision of the West Virginia Workers' Compensation Board of Review ("Board of Review"). Brooks Run South Mining, LLC, by Counsel Sean Harter, filed a timely response.

The issue on appeal is compensability. The claims administrator rejected the claim for carpal tunnel syndrome on September 18, 2018. The Workers' Compensation Office of Judges ("Office of Judges") affirmed the decision in its November 17, 2020, Order. The Order was affirmed by the Board of Review on May 21, 2021.

The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

The standard of review applicable to this Court's consideration of workers' compensation appeals has been set out under W. Va. Code § 23-5-15, in relevant part, as follows:

> (c) In reviewing a decision of the Board of Review, the Supreme Court of Appeals shall consider the record provided by the board and give deference to the board's findings, reasoning, and conclusions . . . .

> (d) If the decision of the board represents an affirmation of a prior ruling by both the commission and the Office of Judges that was entered on the same issue

1

in the same claim, the decision of the board may be reversed or modified by the Supreme Court of Appeals only if the decision is in clear violation of constitutional or statutory provision, is clearly the result of erroneous conclusions of law, or is based upon the board's material misstatement or mischaracterization of particular components of the evidentiary record. The court may not conduct a de novo reweighing of the evidentiary record . . . .

*See Hammons v. W. Va. Off. of Ins. Comm'r,* 235 W. Va. 577, 582-83, 775 S.E.2d 458, 463-64 (2015). As we previously recognized in *Justice v. West Virginia Office Insurance Commission*, 230 W. Va. 80, 83, 736 S.E.2d 80, 83 (2012), we apply a de novo standard of review to questions of law arising in the context of decisions issued by the Board. *See also Davies v. W. Va. Off. of Ins. Comm'r*, 227 W. Va. 330, 334, 708 S.E.2d 524, 528 (2011).

Mr. Smith, a continuous miner operator, alleges that he developed carpal tunnel syndrome in the course of and resulting from his employment with Brooks Run South Mining from April 21, 2014, to the present. Mr. Smith suffered from carpal tunnel prior to working for Brooks Run South Mining. On May 1, 2006, he sought treatment from Family Healthcare Associates for bilateral hand numbness. Examination showed positive Phalen's and Tinel's signs. Mr. Smith was diagnosed with carpal tunnel syndrome. It was noted that an EMG was positive for bilateral carpal tunnel syndrome and right ulnar neuropathy. Mr. Smith underwent a second EMG on September 22, 2010. J.O. Othman, M.D., interpreted the results as positive for bilateral carpal tunnel syndrome, moderately severe on the right and mild on the left. The EMG also revealed right ulnar neuropathy entrapment across the elbow.

After working for Brooks Run South Mining for four years, Mr. Smith again sought treatment for carpal tunnel syndrome symptoms. On April 11, 2018, Barry K. Vaught, M.D., interpreted an EMG as positive for bilateral carpal tunnel syndrome, which was worse on the right. A June 1, 2018, treatment note from Family Healthcare Associates indicates Mr. Smith was treated for carpal tunnel syndrome. He stated that he operated a miner for twelve years. He had recently switched positions due to numbness in both hands. Examination showed bilateral positive Phalen's and Tinel's signs. The assessment was bilateral carpal tunnel syndrome.

The Employees' and Physician's Report of Injury, completed June 1, 2018, indicated Mr. Smith was diagnosed with bilateral carpal tunnel syndrome as a result of an occupational injury. The Employer's Report of Injury was completed on June 15, 2018, and indicated Mr. Smith was a shuttle car operator who was hired on April 21, 2014. Michael Muscari, M.D., signed a HealthSmart Carpal Tunnel Syndrome Report on June 19, 2018. He stated Mr. Smith had no prior diagnosis of carpal tunnel syndrome, no prior hand or wrist injuries, and no prior neck injuries. The following day, June 20, 2018, Mr. Smith completed the HealthSmart Carpal Tunnel Syndrome form. He stated that he was a miner operator with a prior diagnosis of carpal tunnel syndrome. Mr. Smith stated that he worked ten hours per day, six days a week for eighteen years. Mr. Smith asserted that he used his hands on computers and remote controls during that time. Most of the time he was forced to crawl to reach his destinations. Due to his carpal tunnel syndrome, Mr. Smith switched jobs in April of 2018.

Prasadarao Mukkamala, M.D., performed an Independent Medical Evaluation on August 22, 2018, in which he noted that Mr. Smith reported numbness and tingling in both hands for about three years. Mr. Smith stated that ten years prior, he had similar symptoms, but the symptoms improved without treatment. Dr. Mukkamala diagnosed bilateral carpal tunnel syndrome but opined that the condition was not related to Mr. Smith's employment. Dr. Mukkamala opined that Mr. Smith's occupational activities did not involve the repetitive and forceful activities required to cause carpal tunnel syndrome. The claims administrator rejected the claim on September 18, 2018, because it found that Mr. Smith's occupational duties did not involve the repetitive motions or force required to cause carpal tunnel syndrome.

Mr. Smith testified in an April 4, 2019, deposition that he had no prior hand or wrist injuries. He stated that his symptoms began five to six years prior. Mr. Smith stated that from 2001 to 2011, he worked as a jack setter for Pinnacle Mining. He had to crawl every shift, which caused pain in his wrists. On April 21, 2014, Mr. Smith began working for Brooks Run South Mining as a continuous miner operator. His job required him to work on a computer, use hand tools, and use remote controls. Mr. Smith testified that using remote controls to operate a miner required ten hours of constant hand motion. Bilateral wrist pain caused Mr. Smith to switch jobs to a shuttle car operator. He stated that he still operated a continuous miner but only a few days a month.

On June 24, 2019, Mr. Smith returned to Family Healthcare Associates for numbness and pain in his hands that radiated to the elbows. He was diagnosed with hypertension and bilateral carpal tunnel syndrome.

Syam Stoll, M.D., performed an Independent Medical Evaluation on September 4, 2019, in which he noted that Mr. Smith sought treatment for bilateral hand numbness six to eight years ago. Mr. Smith stated that his job as a continuous miner operator required him to use his hands and wrists in extension, which caused discomfort. Dr. Stoll's examination showed positive Tinel's sign in both of his elbow cubital tunnels. The left wrist showed positive Tinel's sign, but Phalen's sign was negative. The right wrist showed positive Tinel's and Phalen's signs. Dr. Stoll diagnosed bilateral carpal tunnel syndrome. He found that Mr. Smith was previously diagnosed with bilateral carpal tunnel syndrome in 2010, prior to working for Brooks Run South Mining. Dr. Stoll opined that Mr. Smith's bilateral carpal tunnel syndrome was not the result of his job duties as a continuous miner operator or a shuttle car operator.

Jeffrey Pritchard, PA, from Family Healthcare Associates, testified in an October 8, 2019, deposition that the main cause of carpal tunnel syndrome is repetitive motion. Prolonged extension can also contribute to carpal tunnel syndrome. Mr. Pritchard opined that Mr. Smith's work duties caused his bilateral carpal tunnel syndrome. He also stated that the longer one is exposed to repetitive workplace activities, the more carpal tunnel syndrome progresses.

The Office of Judges affirmed the claims administrator's rejection of the claim in its November 17, 2020, Order. It found that the evidence establishes that Mr. Smith has carpal tunnel syndrome, as revealed on multiple EMGs and physician examinations. The Office of Judges stated that the evidence also shows that Mr. Smith's bilateral carpal tunnel syndrome preexisted his employment with Brooks Run South Mining. The Employer's Report of Injury and Mr. Smith's

testimony establish that he began working for Brooks Run South Mining on April 21, 2014. On July 21, 2010, Mr. Smith complained of bilateral hand numbness and was diagnosed with carpal tunnel syndrome, which was confirmed by a September 22, 2010, EMG.

The Office of Judges stated that in *Spartan Mining Company v. John Anderson*, No. 17-1003, 2018 WL 2306287 (W. Va. May 21, 2018)(memorandum decision), this Court held that when a diagnosis of carpal tunnel syndrome predates the claimant's employment, the condition cannot be causally related to the work activities of the employer. Mr. Smith argued that the instant case is distinguishable from Spartan. The Office of Judges found that the facts of the instant claim are stronger than those in *Spartan.* In *Spartan,* Mr. Anderson was diagnosed with carpal tunnel syndrome prior to beginning employment for the chargeable employer. In the instant case, not only was Mr. Smith diagnosed with carpal tunnel syndrome before beginning employment with Brooks Run South Mining, but the diagnosis was confirmed by an EMG.

Mr. Smith also argued that per West Virginia Code § 23-4-1, he should receive benefits for a perceptible aggravation of an occupational disease. However, the Office of Judges determined that because Mr. Smith's preexisting carpal tunnel syndrome was never held compensable, there can be no aggravation of an occupational disease. The claims administrator's rejection of the claim was affirmed. The Board of Review adopted the findings of fact and conclusions of law of the Office of Judges and affirmed its Order on May 21, 2021.

After review, we agree with the reasoning and conclusions of the Office of Judges as affirmed by the Board of Review. For an injury to be compensable it must be a personal injury that was received in the course of employment, and it must have resulted from that employment. *Barnett v. State Workmen's Comp. Comm'r*, 153 W. Va. 796, 172 S.E.2d 698 (1970). The evidence shows that Mr. Smith suffered from carpal tunnel syndrome prior to his employment with Brooks Run South Mining. Further, the condition was not previously held compensable, and therefore, an aggravation of the condition cannot be held compensable.

Affirmed.

**ISSUED: October 18, 2022**

**CONCURRED IN BY:**

Chief Justice John A. Hutchison
Justice Elizabeth D. Walker
Justice Tim Armstead
Justice C. Haley Bunn

**DISSENTING:**

Justice William R. Wooton

4

Justice William R. Wooton would set the case for Rule 20 oral argument.

WOOTON, Justice, dissenting:

I respectfully dissent to the majority's affirmance of the denial of compensability of petitioner's carpal tunnel syndrome. I would have placed this matter on the Rule 20 argument docket for a closer examination of whether it was necessary for petitioner to have previously filed for workers' compensation for his previously diagnosed carpal tunnel syndrome for it to be determined to be an "occupational" injury and therefore potentially qualify for an aggravation of that injury pursuant to West Virginia Code § 23-4-1(b). The majority dispositively and summarily concludes, without analysis, that petitioner must have previously sought and obtained a compensability ruling for his carpal tunnel syndrome for his worsening symptoms to constitute an aggravated "occupational" disease. There is ample record support for the conclusion that petitioner's condition was caused by his many years of coal mining work, but he simply did not previously seek workers' compensation and obtain a compensability determination; this does not make his condition any more or less "occupational" under the statutory definition. *See* W. Va. Code § 23-4-1(f) ("[O]ccupational disease means a disease incurred in the course of and resulting from employment.").

Accordingly, I believe the issue is deserving of Rule 20 consideration and treatment and therefore respectfully dissent.